GRANNIS v. COOK, administratrix, etc., appellant.

*Tenancy in common — tenant in common taking lease from his co-tenant — when leasing co-tenant liable to contribute for repairs.*

A tenant in common of premises took a lease of his co-tenant's interest in them, During the term of the lease he made extensive and permanent repairs which the property required, with the knowledge and consent of the co-tenant. *Held*, that the co-tenant was bound to contribute notwithstanding no covenant as to repairs was contained in the lease. The co-tenant was liable not as landlord, but as tenant in common.

APPEAL from a judgment in favor of the plaintiff entered upon the report of a referee.

The action was brought June 15, 1872, by Timothy O. Grannis, as assignee of Theodore D. Cook, against Lewis D. Cook, since deceased, to recover an alleged balance of account for moneys laid out for their and his benefit, and for rent. The answer denied the allegations of the complaint and set up a counter-claim for board and work and materials, and claimed a balance due defendant.

The only material point at issue was in reference to the liability of plaintiff for repairs made to certain hotel property in the city of Utica, purchased by plaintiff and Lewis W. Cook, jointly, and leased by Lewis D. During the term of the lease the hotel, was extensively repaired at the expense of Lewis D. These repairs were necessary to be done in order to use the house for a hotel, were of a permanent character and were done with the knowledge and to some extent under the supervision of Theodore D. Cook, a clergyman by profession, who was present at the hotel while they were being made.

The referee found that there being no covenant in the lease to repair, Theodore D. Cook was not liable as landlord to contribute to the repairs, and directed judgment in favor of the plaintiff for $2,997.88 and costs.

During the pendency of the action Lewis W. Cook died, and his widow, Cornelia A. Cook, was appointed administratrix of his estate and was substituted as defendant in this action.

*J. F. Seymour*, for appellant

*J. Benedict*, for respondent.

E. DARWIN SMITH, J. The only substantial question presented upon this appeal is, whether the plaintiff's assignor was liable for one-half the expense of the improvements made upon the demised premises after the defendant's husband, L. W. Cook, took possession of the same under the lease executed to him on the 17th of March, 1868, by T. W. Cook.

These two Cooks owned the said premises jointly as tenants in common.

The learned referee by whom this cause was tried held as matter of law that the rights and duties of Theodore D. and Lewis W. Cook were regulated and determined by the terms of said lease, and as that contained no covenant to repair on the part of the landlord, T. D. Cook was not responsible for any repairs made on the demised premises.

In this finding I think the referee erred in applying to the case the strict rules in respect to repairs that obtain between landlord and tenant.

In such case the tenant must secure such repairs as he may need or wish by express covenant in his lease.

But in this case the parties, T. D. and L. W. Cook, were tenants' in common of these premises. The repairs mostly required and made on said premises were of a permanent and substantial character — calculated to enhance the value of the premises as well as essential to their present use, and not of such a temporary kind as a tenant would be likely to make for his convenience or to gratify his taste.

It was clearly proved that the said T. D. Cook agreed to share one-half the expenses of such repairs and that he aided and advised in respect to them and was constantly superintending and directing about them while they were in progress, and his denial of such agreement was improperly received in evidence.

A tenant in common is liable to contribute toward the expense of repairs on common property when made with his assent.

T. D. Cook would not be liable as landlord as held by the referee, for these repairs, but he was liable as tenant in common. In the case of *Mumford* v. *Brown*, 6 Cow. 479, the parties were tenants in common, and the plaintiff was in possession under a lease for one year from his co-tenant. It was held that the defendant was not liable for the repairs as landlord, but it was conceded by counsel and asserted by the court, that he would be liable as tenant in com-

mon upon request to join in, or upon consent to the making of the repairs at the common expense.

In this view a new trial must be granted, unless its necessity can be obviated by modifying the judgment.

The claim of the defendant's counsel is that his client had been injured by the errors involved in the report of the referee in the particulars discussed and in some other small items or mistakes in the calculation of interest, to the amount of $1,347.11, which seems to be correct.

If the plaintiff will deduct that amount from the judgment, with interest from the date of the referee's report, I think the judgment should be affirmed for the residue thereof, with costs, upon the appeal to the appellants, otherwise a new trial should be granted, with costs to abide the event.

*Judgment accordingly.*